UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Case No.  04-cr-00282-WYD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  ISMAEL GONZALES-ARENAS, a/k/a Jorge Castillo,

      Defendant.

_____

**ORDER**
_____

THIS MATTER came before the Court on a hearing on Monday, May 1, 2006

and a continued hearing on Friday, May 26, 2006 on the Motion to Withdraw as

Counsel for Defendant and Defendant's request to proceed pro se.  For the reasons

stated at the hearing on May 26, 2006, the Motion to Withdraw as Counsel for

Defendant is granted, and Defendant is allowed to proceed pro se.

"A criminal defendant is both constitutionally and statutorily entitled to waive his

Sixth Amendment right to counsel and proceed pro se in a federal criminal trial." *United*

*States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995) (citing *Faretta v. California*,

422 U.S. 805 (1975)).  In order to invoke this right, "the defendant must 'clearly and

unequivocally' assert his intention to represent himself, *United States v. Reddeck*, 22

F.3d 1504, 1510 (10th Cir. 1994), and this assertion must be timely." *Id*.  Even if a

defendant properly invokes the right to self-representation, there must be a knowing,

voluntary, and intelligent waiver of the right to be represented by counsel.  *Id*. at 1481;

*see also United States v. Smith*, 413 F.3d 1253, 1279 (10th Cir. 2005), *cert. denied*, 126 S. Ct. 1093 (2006).

In this case, I find that Defendant clearly and unequivocally asserted his intention to represent himself, and that this was timely.  In order to determine whether Defendant competently waived his right to counsel, I conducted an inquiry on the record to determine whether Defendant is aware of the nature of the charges against him, the range of allowable punishments and possible defenses, and the risks of proceeding pro se.  *See Smith*, 413 F.3d at 1279.  I find from this inquiry that Defendant's waiver of the right to counsel is knowing, voluntary, and intelligent.

While I do not believe that Defendant understands the legal technicalities of the charges against him, and I question Defendant's ability to represent himself given his lack of understanding of the law and his limited education, this is not relevant to the determination of whether a defendant can waive counsel.  *See id.* ("knowledge of the law and [the defendant's] ability to represent himself have no bearing on his choice to proceed pro se"); *McKinley*, 58 F.3d at 1482 ("a defendant's mere incompetency in self-representation" is not a sufficient basis to deny the defendant this right).  Finally, however, I caution Defendant that he must show he is able and willing to abide by rules of procedure and courtroom protocol or else he may lose this right and have counsel reappointed.

Based on the foregoing, it is

ORDERED that the Motion to Withdraw as Counsel for Defendant is **GRANTED**, and defense counsel Thomas Richard Ward is allowed to withdraw.  It is

FURTHER ORDERED that Defendant is allowed to proceed pro se.  It is

FURTHER ORDERED that Thomas Richard Ward is appointed as advisory

counsel for Defendant.  Finally, it is

ORDERED that any further pretrial motions shall be filed by **Friday, June 23,**

**2006**.  Responses to these motions shall be filed by **Friday, July 14, 2006**.  A hearing

will be set on these motions once the Court has had an opportunity to review them.

Dated:  May 30, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge