UNITED SATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Case No.  04-cr-00282-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ISMAEL GONZALES-ARENAS, a/k/a Jorge Castillo,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on two motions filed by Defendant on July 31, 2006:  These motions are:  (1) Defendant's "Motion to Authorize Funds for X-Ray of Witness Sharon Bateman for Evidentiary Hearing to Determine the Scientific Validity and Admissibility of This Witness Such Statements" (docket # 291); and (2) "Defendant's Pro Se Motion, Request for Copies of All Defendant's Motions That Were File Pro-Se by the Defendant" (docket # 292).  I **STRIKE** those motions for the reasons set forth below.

Pursuant to my Order of June 29, 2006, Defendant was given an extension of time to file motions to July 21, 2006.  This was based, in part, on the fact that Defendant filed a number of motions outside the original motions deadline of June 23, 2006.  I allowed Defendant to file those motions, even though he did not request leave of Court to do so.  I further extended the deadline to file motions to July 21, 2006 to

enable Defendant to submit any remaining motions that he wished to file.  The Order specifically stated, however, that any motions filed after July 21, 2006, would not be permitted without leave of Court, and that Defendant must show good cause for the filing of such motions.

Defendant has again filed motions outside the deadline and without leave of Court.  Defendant has also violated my clear and explicit Order regarding the requirements for filing such motions.  Defendant appears to be blatantly ignoring the Court's deadlines and Orders, which I will not tolerate.  If Defendant continues with such conduct, I will not allow him to represent himself on a pro se basis.  *See Faretta v. California*, 422 U.S. 805, 834-35 n. 46 (1975) ("the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct"); *United States v. McKinley*, 58 F.3d 1475, 1483 (10th Cir. 1995) ("The right of self-representation is not a license to abuse the dignity of the courtroom.  Neither is it a license not to comply with relevant rules of procedural and substantive law.").

In conclusion, it is

ORDERED that Defendant's "Motion to Authorize Funds for X-Ray of Witness Sharon Bateman for Evidentiary Hearing to Determine the Scientific Validity and Admissibility of This Witness Such Statements" (docket # 291) and Defendant's Pro Se Motion, Request for Copies of All Defendant's Motions That Were File Pro-Se by the Defendant" (docket # 292) are **STRICKEN**.  It is

FURTHER ORDERED that if Defendant continues to ignore deadlines imposed by the Court and Court Orders, his right of self-representation will be terminated.

Dated: August 16, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge