UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Case No. 04-cr-00282-WYD

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1.  ISMAEL GONZALEZ-ARENAS,

 Defendant.
_____

**ORDER**
_____

  This matter came before the Court on a hearing on pending motions on Monday, December 4, 2006.  The first issue addressed at the hearing was whether Defendant's right to self-representation should be terminated.  On that issue, an Order to Show Cause was filed on October 19, 2006, asking Defendant to show cause on or before November 1, 2006 why his right to self-representation should not be terminated. Government counsel was also ordered to file a pleading by that date indicating its position as to whether Defendant should be allowed to continue to represent himself. The Government indicated in a written response and in Court at the hearing that it believes Defendant's right to self-representation should be terminated.

  I incorporate by reference the Order to Show Cause and the history of Defendant's conduct set forth therein.  As noted in the Order, Defendant's conduct indicates that he is not willing and/or able to abide by court imposed deadlines. Further, it appears that he does not respect courtroom protocol or Orders of this Court,

and/or is deliberately engaging in obstructionist conduct designed to delay these proceedings. Indeed, even after the Order to Show Cause was issued, Defendant continued to file obstructive and largely unintelligible documents including a "Commercial Affidavit of Facts Introductory Certification" (docket # 303), "Notice of Surety-Act and Bond" (# 304), "Notice and Demand for Oath of Office and Bond-Information" (# 305), and "Waiver of Perjury-Immunity" (# 307). To the extent any of these pleadings could be construed as motions asking for relief from the Court, they were well outside the deadline for filing motions and Defendant again did not seek leave to file them out of time or show good cause for the filing of same.

The written response to the Order to Show Cause (# 306) and Defendant's oral statement in Court at the hearing further demonstrate why I believe Defendant's right to self-representation should be terminated. Both statements show that in addition to not understanding the law, Defendant believes he does not have to respect Orders of the Court or, indeed, the dignity of the Court. The written statement, for example, states that the Order to Show Cause is "moot" as Defendant has declared that he "is no longer appearing pro-se (as my own attorney) but am now appearing In propia persona (my natural person)." Response at 1-2. The response also accuses the Court of, among other things, obstruction of justice, tampering with a witness and victim, conspiracy and sophistry. The oral statement in Court at the hearing was similar in nature, and demonstrates that Defendant does not respect the Court or its Orders.

Finally, I note that when I terminated Defendant's self-representation at the hearing and reappointed counsel, Defendant engaged in obstructionist behavior in the

Courtroom which required that he be removed by the United States Marshal Service. That conduct was the culmination of a long history of conduct by Defendant that I find abuses the dignity of the Court and its Orders.

As stated in the Order to Show Cause, a criminal defendant does not have an absolute right to represent himself. *See Munkus v. Furlong*, 170 F.3d 980, 984 (10th Cir. 1999). Such right may be revoked or terminated if the defendant engages in obstructionist behavior and/or does not comply with procedures of the court. *See Faretta v. California*, 422 U.S. 805, 834-35 n. 46 (1975) ("the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct"); *United States v. Smith*, 413 F.3d 1253, 1279 (10th Cir. 2005) ("the Supreme Court has noted that the defendant must be 'able and willing to abide by rules of procedure and courtroom protocol'") (quotation omitted); *United States v. McKinley*, 58 F.3d 1475, 1483 (10th Cir. 1995) ("The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law.").

In the case at hand, I find for the reasons stated at the hearing on December 4, 2006, and in this Order that Defendant's right to self-representation must be terminated. Defendant has engaged in serious and obstructionist behavior that demonstrates that he should not be allowed to represent himself. This conduct has gotten worse over time, not better, even after warnings were made by the Court to Defendant about the possibility of his right to self-representation being revoked. Accordingly, it is

ORDERED that Defendant's right to self-representation is **TERMINATED**.  It is

FURTHER ORDERED that stand by counsel Thomas Richard Ward is **REAPPOINTED** as counsel for Defendant.  It is

FURTHER ORDERED that defense counsel has up to and including **Monday, January 31, 2007**, in which to file motions, after meeting and conferring with Government counsel.  Counsel shall also file a pleading by that date indicating which pending motions are adopted and which are withdrawn, and also indicate how much time is necessary for a hearing.

Dated:  December 8, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge