**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 04-cr-00282-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     ISMAEL GONZALES-ARENAS,

    Defendant.

_____

**MOTION FOR DETERMINATION OF MENTAL COMPETENCY TO STAND TRIAL AND FOR A PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION**
_____

      Undersigned counsel, on behalf of the Defendant Ismael Gonzales-Arenas, hereby moves this Court to hold a hearing to determine whether Mr. Gonzales-Arenas is competent to stand trial in this matter, and prior to the hearing to appoint a psychiatrist or psychologist to examine the Defendant and provide the Court and the parties with a report pursuant to the provisions of 18 U.S.C. § 4247(b).  Counsel states the following grounds:

      1.     Defense counsel believes that "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

2. Mr. Gonzales-Arenas's history of enigmatic behavior in the context of this case supports the conclusion that his mental competency should be determined by the Court. To wit:

a. Mr. Gonzales-Arenas has been represented by two previous attorneys, Jeffrey Edelman and Jonathan Willett. Each was forced to withdraw from representation of Mr. Gonzales-Arenas due to an inability to maintain an appropriate attorney-client relationship. In each case, Mr. Gonzales-Arenas had made *pro se* requests to dismiss his attorneys.

b. Mr. Gonzales-Arenas made a similar request with respect to the undersigned counsel, and a similar motion to withdraw was filed by the undersigned on February 8th, 2006 (Doc. 238). The Court directed the undersigned to meet and confer in an attempt to resolve differences, which was unsuccessful, prompting a renewed motion to withdraw on April 19th, 2006 (Doc. 253).

c. After a hearing on May 26th, 2006, the Court granted the motion to withdraw as well as Mr. Gonzales-Arenas's request to waive his right to counsel and proceed *pro se*. The Court further ordered undersigned counsel to remain as advisory counsel to Mr. Gonzales-Arenas. (Minute Order, Doc. 260).

d. While acting *pro se*, Mr. Gonzales-Arenas filed numerous pleadings having no basis in the law and/or concerning issues for which dispositive rulings had been previously issued in response to motions filed by prior counsel.

e.  Mr. Gonzales-Arenas also filed pleadings after the deadlines established by the Court without seeking leave to do so, resulting in the Court striking these pleadings (See, Doc. 293).

f.  Mr. Gonzales-Arenas continued to file pleadings out of time despite the Court's admonition not to do so. The Court eventually issued an Order to Show Cause (Doc. 301) directing Mr. Gonzales-Arenas to show cause why his right of self-representation should not be revoked as a result of his repeated disregard of the Court's deadlines and orders.

g.  Mr. Gonzales-Arenas did not respond to the Order to Show Cause, and after hearing his statements on December 4th, 2006, the Court revoked his right of self-representation. The Court at that time re-appointed the undersigned as counsel for Mr. Gonzales-Arenas.

h.  From the time the Court issued the Order to Show Cause, Mr. Gonzales-Arenas's *pro se* filings have become increasingly bizarre and non-sensical. Mr. Gonzales-Arenas appears to be harboring a delusion that he has filed a "Counterclaim" in this criminal action in which he has accused the Court, the United States Attorney, the mayor of Denver, various law enforcement personnel, undersigned counsel, and others of Treason and a variety of other criminal offenses. In these documents filed with the Court, Mr. Gonzales-Arenas captions the case as "SECURITIES AND EXCHANGE COMMISSION v. Ismael Arenas Gonzales," he refers to the judge as "Merchant Wiley Daniel," and he seeks a monetary award of $6,450,000 plus $1,000,000 in punitive damages. Mr.

Gonzales-Arenas further appears to believe that the Court and other parties' disregard of these filings constitutes their acquiescence in his demands. (See generally, Doc. 341 and other *pro se* filings).

i. Since the re-appointment of the undersigned, Mr. Gonzales-Arenas refuses to acknowledge the undersigned as his attorney. Mr. Gonzales-Arenas refuses to meet and confer with the undersigned. While the undersigned has been attempting to further Mr. Gonzales-Arenas's interests, the reality is that no meaningful attorney-client relationship at all exists at this time. Mr. Gonzales-Arenas is not participating in the defense that is being prepared and put forth on his behalf.

j. Mr. Gonzales-Arenas appears to not appreciate or consider the potential consequences of a conviction in this case. If convicted of the most serious charges, Mr. Gonzales-Arenas is facing a potential sentence of life imprisonment without parole. See, 21 U.S.C. § 860, § 841(b)(1)(a).

3. The government previously filed a motion for a determination of competency in this case (Doc. 244), which the Court denied without prejudice (Doc. 248). The government cited Mr. Gonzales-Arenas's "appearance, demeanor, and affect while in open court" and other factors as evidence that he "may presently be suffering from a mental disease or defect rendering him mentally incompetent."

4. At the brief hearing on that motion on March 17th, 2006, undersigned counsel represented to the Court that, while Mr. Gonzales-Arenas appeared to be eccentric at the least, he did seem to understand the nature of the charges and court proceedings. In the ensuing year, Mr. Gonzales-Arenas's actions would lead undersigned

counsel to reconsider this statement. While counsel is not a mental health professional and is therefore unable to express an opinion as to the ultimate issue of Mr. Gonzales-Arenas's mental competency, counsel believes that there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent…"

5. Upon the filing of a motion for a competency hearing, if the Court finds that such reasonable cause exists, the Court "shall grant the motion." 18 U.S.C. § 4241(a).

6. If the Court grants the motion for a competency hearing, the Court "may order that a psychiatric or psychological examination of the defendant be conducted…" 18 U.S.C. § 4241(b). Because the existence, nature, and extent of any mental disease or defect are unknown at this time, it would appear that such an examination is the only meaningful way for the Court to make a determination as to Mr. Gonzales-Arenas's competency to stand trial in this case.

7. Counsel has conferred with Assistant United States Attorney Guy Till, who joins in the request for a determination of competency by the Court.

Respectfully Submitted this 19th day of March, 2007,

s/Thomas R. Ward
**Thomas R. Ward**
Attorney for Defendant
1544 Race Street
Denver, CO 80206
Tel. 303-393-1101
FAX  303-321-7781

## CERTIFICATE OF SERVICE

  I hereby certify that on Monday, March 19, 2007, I electronically filed the foregoing MOTION FOR DETERMINATION OF MENTAL COMPETENCY TO STAND TRIAL AND FOR A PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to the following e-mail addresses:

Mr. Guy Till, Esq.
United States Attorney's Office
1225 Seventeenth Street
Suite 700
Denver, CO 80202
guy.till@usdoj.gov
Debbie.Azua-Dillehay@usdoj.gov


                By:  s/Thomas R. Ward
                    Thomas R. Ward