UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Case No. 04-cr-00282-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ISMAEL GONZALES-ARENAS, a/k/a Jorge Castillo,

    Defendant.
_____

**ORDER OF COMMITMENT PURSUANT TO 18 U.S.C. § 4241(d)**
_____

This matter came before the Court on a hearing on the issue of Defendant's competency on Thursday, February 7, 2008. By way of background, on April 19, 2007, I issued an Order granting defense counsel's Motion for Determination of Mental Competency to Stand Trial and ordering that a psychiatric or psychological examination be conducted pursuant to 18 U.S.C. § 4241(b). I found that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist in his defense pursuant to 18 U.S.C. § 4241(a).

On May 14, 2007, I issued an Order of Pre-Trial Psychiatric Examination. That Order required that Dr. Frederick Miller be given access to Defendant to conduct the examination. On June 8, 2007, an Order was issued indicating that pursuant to a letter submitted by Dr. Miller, he was unable to perform a competency evaluation on

Defendant and recommended that Defendant be committed to the custody of the Attorney General for such a competency evaluation. Accordingly, I ordered that the parties show cause as to why Defendant should not be committed to the custody of the Attorney General for a psychiatric or psychological evaluation of competency pursuant to 18 U.S.C. §§ 4241 and 4247(b) and (c). Counsel for the parties did not file a response to the Show Cause Order. Defendant, however, filed a Writ of Mandamus with the Tenth Circuit, denouncing the alleged misconduct, abuse of power, and alleged conspiracy of the Court with state and federal officials, including government counsel. Defendant also accused defense counsel of misconduct and abuse of authority as well as being involved in a conspiracy with the Court and government counsel.[1]

On August 28, 2007, I issued an Order directing pursuant to pursuant to 18 U.S.C. § 4241(b) that Defendant be committed to the custody of the Attorney General to be hospitalized and treated in a suitable facility for such a reasonable period of time not to exceed 45 days, as is necessary to determine Defendant's competency. I further ordered pursuant to 18 U.S.C. § 4247(c) that a psychiatric and psychological report be prepared and filed with the Court. The Attorney General requested additional time to submit a report (per letter of October 26, 2007) and issued a Psychiatric/ Psychological Report (entitled "Forensic Evaluation") in December 2007.

The Forensic Evaluation contained a "very limited opinion" made with "limited confidence" that Defendant was probably competent. It stated that "any opinion

---

[1] The Writ of Mandamus was denied by the Tenth Circuit on August 23, 2007.

rendered in this case regarding the issue of competency is based only on the smallest preponderance of the evidence." Evaluation at 13. The limited nature of the opinion was based on the difficulty in assessing Defendant due to his refusal to participate or cooperate with the evaluators in the competency assessment. However, the Evaluation also acknowledged that an argument could be made for both Defendant's competency and incompetency.

Further, the Evaluation stated, "it appears possible that Mr. Gonzales-Arenas is currently suffering from acute emotional and mental symptoms with the intensity and duration necessary to meet the DSM-IV-TR criteria for the Axis I disorder of a Delusional Disorder, Persecutory Type." *Id.* at 6, 8. The Evaluation noted this diagnosis as a "rule-out" diagnosis, however, "not only due to a lack of information, but also because it is uncertain as to whether his reported beliefs rise to the level of a delusion." *Id.* at 8. The Evaluation also noted on Axis II, "Rule-Out" Antisocial personality Disorder and "Rule-Out" Paranoid Personality Disorder." *Id.* at 6.

At the competency hearing, I heard argument as to what the Forensic Evaluation meant and whether the parties believed Defendant was competent or incompetent. Defense counsel did not take a position at the hearing based on the statement that his attorney-client relationship has deteriorated to the point that Defendant is not speaking with him and is hostile, and has been for some time. Defense counsel previously indicated, however, that he believed that there is reasonable cause to believe that Defendant may be incompetent and stated numerous grounds in support of same. *See*

Mot. for Determination of Mental Competency to Stand Trial and for a Psychiatric or Psychological Evaluation (docket # 344, filed March 19, 2007).

While the government initially urged the Court to find Defendant competent, this argument appears to have been retracted after the Court gave Defendant the opportunity to speak at the hearing. Defendant did not respond in any manner to the questions asked of him by the Court and appeared completely confused as to the proceedings against him and the fact that his competency was being addressed. After Defendant spoke, government counsel acknowledged on the record that there is "something wrong" with Defendant, although he did not clarify this point.

Turning to my analysis, the standard for determining a defendant's competency to stand trial is whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he has a factual understanding of the proceeding against him. *Dusky v. United States*, 362 U.S. 402 (1960). The threshold issue is whether a defendant is mentally competent to waive his constitutional rights and plead to the charges against him or stand trial. *Walcott v. United States*, 407 F.2d 1149 (10th Cir. 1969).

18 U.S.C. § 4241(d) states that if the court finds by a preponderance of the evidence that the defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in defense, the court shall commit the defendant to the custody of the Attorney General." The statute further states:

> The Attorney General shall hospitalize the defendant for treatment in a suitable facility—
>
> **(1)** for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. . . .

*Id.*

In the case at hand, I have considered carefully the Forensic Evaluation as well as the entire file and proceedings that have occurred in this case, counsel's representations about Defendant's competency, and Defendant's demeanor and his conduct throughout the case. It is my considered opinion that Defendant is incompetent within the meaning of the law by a preponderance of the evidence. As grounds for this finding, I note several things.

First, despite the fact that the Forensic Evaluation opined that Defendant is probably competent, I reject this Evaluation, finding it to be of limited value. First, as noted above, the Evaluation was issued on an extremely limited basis due primarily to a lack of information based on the fact that Defendant refused to cooperate in the evaluation. Second, while the Evaluation found that Defendant is probably competent, it acknowledged that an argument could be made either way as to competency or incompetency. Third, the evaluation also acknowledged that it appears Defendant is currently suffering from "acute emotional and mental symptoms with the intensity and duration necessary to meet the DSM-IV-TR criteria for the Axis I disorder of a Delusional Disorder, Persecutory Type." Evaluation at 6, 8. The Forensic Evaluation

also diagnosed on Axis II: "Rule-Out" Antisocial personality Disorder and "Rule-Out" Paranoid Personality Disorder." *Id.* at 6.

While the evaluators issued these diagnoses on a "rule-out" basis, that was due primarily to Defendant's lack of cooperation in the Forensic Evaluation. However, it is readily apparent to the Court from the lengthy proceedings in this case and from Defendant's demeanor and conduct in the proceedings that he is suffering from serious mental symptoms that significantly limit his factual understanding of the proceeding against him. This is evidenced by many things.

First, while Defendant was previously allowed to proceed pro se, I revoked his right to proceed on that basis by Order of December 8, 2006. The Order stated that Defendant's conduct indicated that he was not willing and/or able to abide by court imposed deadlines and that he does not respect courtroom protocol or Orders of this Court. Further, the Order noted that Defendant filed obstructive and largely unintelligible documents, including his written responses to the Court's Order to Show Cause on the issue (docket # 303-307 filed October 31, 2006), and also noted Defendant's unintelligible oral statement in Court at the hearing on that issue.

The Order found that Defendant's statements show that in addition to not understanding the law, Defendant believes he does not have to respect Orders of the Court or, indeed, the dignity of the Court. One written statement by Defendant, for example, states that the Order to Show Cause is "moot" as Defendant has declared that he "is no longer appearing pro-se (as my own attorney) but am now appearing In propia persona (my natural person)." *See* "Response to Merchant-Wiley Y. Daniel's-

Order to Show Cause dated 'October 19, 2006'", Doc. # 306. That statement, as well as many other pleadings filed by Defendant, also accuse the Court of, among other things, obstruction of justice, tampering with a witness and victim, and conspiracy.

Indeed, Defendant appears to believe that the indictment against him is not based on the merits of the charges but on a conspiracy against him due to his national origin or some other discriminatory reason. Defendant has filed what he calls a "counterclaim" in which he alleges that the Court has conspired with others, including both counsel in this case, to deny him his constitutional rights. Defendant appears to believe that this case and the pending indictment are not valid as a result of the "counterclaim". The allegations in the "counterclaim" and other pleadings filed by Defendant certainly seem to be delusional and paranoid in nature and show that Defendant feels he is being improperly persecuted. This would appear to be consistent with the diagnosis in the Forensic Evaluation of a Delusional Disorder, Persecutory Type.

Defendant also appears to have no understanding as to why counsel was reappointed, despite clear orders as to the Court's reasoning in connection with same, and continues to file nonsensical and bizarre pleadings despite being advised that these pleadings were improper and would not be considered by the Court. Defendant also appears to have no understanding that his competency is at issue, despite clear statements as to same by the Court at the hearing. Defendant's statement in court at the competency hearing was nonsensical, did not address any of the issues or questions asked of Defendant by the Court, and showed a complete lack of

understanding of the factual issues in this case, the nature of the proceedings against him or the consequences of the proceedings.

It also apparent from the three different defense counsel that have represented Defendant in this case that he does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding. As previously stated, present counsel has indicated that Defendant is paranoid and hostile about the representation given to him. Indeed, it appears that Defendant has filed a grievance against counsel. This same type of paranoid and hostile behavior was shown by Defendant as to the other counsel that represented him, and I am convinced that Defendant would exhibit the same type of behavior with any other defense counsel that might be appointed.

I find instructive on the issue of competency the case of *United States v. Boigegrain*, 155 F.3d 1181 (10th Cir. 1998). There, the Tenth Circuit found that the district court's finding of incompetency was not clearly erroneous based on the court's observation of the defendant, his pleadings in the case which the court described as "irrational" and a psychiatrist's opinion that the defendant was delusional and suffered from "'paranoid ideation,' causing him to believe that his lawyer was participating in a conspiracy, along with the prosecutor and the judge, to incarcerate him for reasons unrelated to the charge against him". *Id*. at 1189-90. That case almost mirrors the facts in this case.

Based upon the foregoing, I find by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally

incompetent to the extent that he is presently unable to understand the nature and consequences of the proceeding against him or to assist properly in his defense. Accordingly, it is

ORDERED pursuant to 18 U.S.C. § 4241(d) that Defendant is committed to the custody of the Attorney General to be hospitalized and treated in a suitable facility for such a reasonable period of time, not to exceed four months, as it is necessary to determine whether there is a substantial probability that in the foreseeable future Defendant will attain the capacity to permit the trial to proceed. It is

FURTHER ORDERED pursuant to 18 U.S.C. § 4247(c) that a psychiatric or psychological report be prepared and filed with the Court on the above issue with copies provided to counsel for the Defendant and the Government.

Dated: February 22, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge